Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VII)

| FAUSTINO GARCÍA ABISLAIMAN<br><br>Peticionario<br><br>v.<br><br>DAGMAR MARÍA RIVERA DÁVILA<br><br>Recurrida | KLCE202301278 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: GB2018CV00033<br><br>Sobre: Liquidación de Comunidad Postganancial |
|---|---|---|

Panel integrado por su presidente el juez Rivera Torres, la jueza Santiago Calderón y la jueza Álvarez Esnard.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece ante este tribunal apelativo el Sr. Faustino García Abislaiman (señor García Abislaiman o peticionario), mediante el recurso de *certiorari* de epígrafe y nos solicita que revoquemos la *Resolución* emitida y notificada el 8 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante este dictamen, el foro primario concedió la solicitud de una orden protectora, instada por el hijo de los contendientes, el Sr. Faustino García Rivera (señor García Rivera o recurrido). En consecuencia, dejó sin efecto las órdenes dirigidas a varias instituciones bancarias, custodias de la información financiera del recurrido.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

La causa del título se inició el 2 de mayo de 2018, ocasión en que el señor García Abislaiman presentó una *Demanda* sobre daños y división de la comunidad postganancial entre él y su

exesposa, la Sra. Dagmar Rivera Dávila (señora Rivera Dávila). El peticionario incluyó también como parte demandada a su hijo, el señor García Rivera, su cónyuge y a la comunidad de bienes gananciales que estos conforman.[1] Luego, enmendó la reclamación para añadir a los entes jurídicos Pro Air LLC y Air Logix LLC.[2] En esencia, solicitó la liquidación de los haberes postgananciales, adquiridos durante el matrimonio, iniciado el 9 de enero de 1982 y disuelto por divorcio el 2 de septiembre de 2014. En cuanto a lo que nos compete, el señor García Abislaiman adujo que, vigente el matrimonio, desarrolló el negocio BG Mechanical Air Conditioning Contractors y que, en el 2015 y sin su autorización, su hijo gerenció las operaciones del mismo y se apoderó de equipo, clientes y el local, a través de las compañías de responsabilidad limitada Pro Air y Air Logix. A esos efectos, solicitó $2 millones de indemnización.

Surge del extenso expediente electrónico que, el 14 de enero de 2020, notificada al día siguiente, la Hon. Vanessa Pintado Rodríguez dictó una *Sentencia Parcial*, mediante la cual desestimó, **sin perjuicio**, la reclamación en contra del señor García Rivera y los otros codemandados, por estos ser terceros ajenos a la causa de la *Demanda*.[3] Allí expresó que:

> Entendemos que la razón primordial de la demanda[,] como hemos señalado[,] es la división de la comunidad de bienes[,] [la] cual surge del evento del divorcio entre el demandante y la codemandada, la Sra. Rivera. Las reclamaciones en contra del Sr. García Rivera[,] así como de las corporaciones [Pro Air] y [Air Logix,] no surgen [de] dicho evento de divorcio[,] sino que ocurre[n] posterior a este. Como hemos señalado[,] dichos codemandados son terceros ajenos a la comunidad de bienes por lo que no son

---

[1] Véase el Apéndice del Recurso, a las págs. 1-5. Refiérase, además, a las págs. 6-20 *Contestación a la Demanda y Reconvención*, y a las págs. 28-44; *Reconvención Enmendada…* de la señora Rivera Dávila; así como a las págs. 51-58, *Contestación a Reconvención Enmendada* del señor García Abislaiman.

[2] *Íd.*, a las págs. 21-22; 23-27.

[3] Refiérase al Apéndice del recurrido, a las págs. 1-27, entrada 214, *Sentencia Parcial*, del expediente electrónico del caso del título en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

comuneros. El negocio objeto de controversia no es la comunidad de bienes en sí[,] sino que existen otros bienes que pueden ser parte de la comunidad.

A nuestro entender las reclamaciones en contra del Sr. García Rivera, [Pro Air] y [Air Logix] son más propias de una acción independiente[,] ya sea extracontractual, contractual o de disolución de la corporación, así como de una acción derivativa (en caso de que la misma se cuestione gestiones corporativas realizadas por dichas partes). Dichos codemandados pueden estar sujetos a responder de ser ciertas las alegaciones del demandante.[4]

Enfatizamos que dicho dictamen no fue objeto de impugnación, por lo que advino final, firme e inapelable.

Así las cosas, el 8 de junio de 2023, el señor García Abislaiman presentó una *Solicitud de Orden*, dirigida a distintas entidades bancarias, a la señora Rivera Dávila y al señor García Rivera para que produjeran información financiera sobre sus estados de cuentas, intereses ganados e ingresos.[5] Para ello, el peticionario reprodujo las alegaciones previamente desestimadas. En respuesta, el señor García Rivera compareció de manera especial y solicitó una orden protectora.[6] El señor García Abislaiman no presentó oposición, sino que reiteró su solicitud.[7] Entonces, el 19 de julio de 2023, la Hon. Anelís Hernández Rivera expidió las órdenes según peticionadas.[8] Posteriormente, el señor García Abislaiman solicitó la extensión de los mandamientos a otras instituciones bancarias.[9]

Insatisfecho, el señor García Rivera, compareció oportunamente ante el TPI mediante una *Moción en Solicitud de Reconsideración.* En esta, le solicitó al foro primario que dejara sin efecto la emisión de las órdenes concernientes a su información

---

[4] *Íd.*, a la pág. 26.
[5] Véase el Apéndice del recurso, a las págs. 59-61.
[6] *Íd.*, a las págs. 62-64.
[7] *Íd.*, a las págs. 77-78.
[8] *Íd.*, a las págs. 79-81.
[9] *Íd.*, a las págs. 100-101.

financiera, en aras de proteger su expectativa de intimidad.[10] Apuntó a tomar en consideración el previo dictamen que, en su día, impidió el mismo acceso que ahora se concedía. Asimismo, en reacción a la inclusión de otras instituciones bancarias, según solicitado por el señor García Abislaiman, insistió en la expedición de una orden protectora a su favor.[11]

El peticionario se opuso y arguyó imputaciones similares a las ya expuestas en su reclamación enmendada.[12] En específico, que posterior al divorcio y sin autorización para ello, el recurrido tomó la administración y se apoderó de su negocio y lo gerenció a través de otra entidad jurídica. El señor García Rivera replicó[13] y tildó de "teorías de conspiración" los argumentos planteados por su padre. Además, el señor García Rivera informó al TPI de la existencia de un **litigio paralelo en el que el señor García Abislaiman buscaba reivindicar las mismas contenciones que pretendía reintroducir en el pleito de autos**.[14]

Evaluados los escritos mencionados, el 8 de septiembre de 2023, el TPI notificó la *Resolución* recurrida. En esta, declaró "ha lugar" el pedimento de reconsideración del señor García Rivera. Por consiguiente, revirtió la emisión de las órdenes bancarias y concedió la orden protectora. Basó su decisión en la *Sentencia Parcial* antes aludida.[15]

Inconforme, el señor García Abislaiman interpuso una *Solicitud de Reconsideración…* en la que reprodujo los mismos argumentos ya esbozados.[16] El señor García Rivera se opuso

---

[10] *Íd.*, a las págs. 113-117.

[11] *Íd.*, a las págs. 121-124.

[12] *Íd.*, a las págs. 125-127.

[13] *Íd.*, a las págs. 128-130.

[14] Tomamos conocimiento judicial del expediente electrónico en SUMAC del caso *Faustino García Abislaiman v. Faustino García Rivera, Dagmar Rivera Dávila, Air Logix, Fresh Air LLC y otros*, BY2021CV04406, sobre interferencia y competencia desleal, descorrer velo corporativo, cobro de dinero, daños y perjuicios.

[15] Véase el Apéndice del recurso, a las págs. 135-136.

[16] *Íd.*, a las págs. 137-142.

igualmente por las razones argüidas con anterioridad.[17] Por su parte, el TPI notificó el 23 de octubre de 2023 la denegación a variar su decisión.[18]

Todavía insatisfecho, el señor García Abislaiman acudió ante este foro intermedio imputándole al TPI haber incurrido en los siguientes errores:

> INCURRIÓ EN ERROR EL HONORABLE TPI AL DECLARAR CON LUGAR LA ORDEN DE PROTECCIÓN A FAVOR DEL SR. GARCÍA RIVERA A PESAR DE QUE LA INFORMACIÓN QUE SE SOLICITA ES [*sic*] DIRECTAMENTE RELACIONADA A SUS GESTIONES COMO ADMNISTRADOR DE LOS BIENES DE LA COMUNIDAD GANANCIALO [*sic*] DE SUS PADRES.
>
> INCURRIÓ EN ERROR EL HONORABLE TPI AL NO DICTAR LAS [Ó]RDENES SOLICITADAS POR EL SR. GARCÍA A PESAR DE QUE LA INFORMACIÓN SOLICITADA ES RELEVANTE, PERTINENTE Y NECESARIA PARA LA ADJUDICACIÓN DE ESTE CASO, INCLUYENDO LA VALORACIÓN DE LOS BIENES DE LA COMUNIDAD.

El 22 de noviembre de 2023, emitimos una *Resolución* concediéndole a la parte recurrida hasta el viernes, 1 de diciembre para expresarse. Ese día se cumplió lo ordenado por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados las comparecencias de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un foro de inferior jerarquía. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado

---

[17] *Íd.*, a las págs. 143-146.
[18] *Íd.*, a la pág. 147.

ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*.

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos o no expedir un auto de *certiorari,* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. De hecho, aun cuando el asunto esté contemplado por dicha norma procesal, para determinar si procede o no la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que reza así:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Por tanto, como se ha asentado jurídicamente, este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". (Énfasis nuestro). *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita con aprobación a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III.**

Examinado minuciosamente el recurso ante nuestra consideración, surge que el peticionario recurre de una *Resolución* que dejó sin efecto varias órdenes judiciales, dirigidas al descubrimiento de información financiera del señor García Rivera,

**quien no es parte del pleito de sus padres**; y el cual versa **únicamente** sobre la división de la comunidad de bienes postganancial. Nótese que, desde el 2020, **el TPI desestimó sin perjuicio las alegaciones en contra de las corporaciones demandadas y del recurrido, mediante un dictamen hoy inapelable**.

Además, se hace importante destacar que las contenciones del señor García Abislaiman en contra de su hijo, su exesposa y las entidades corporativas atinentes no están huérfanas de remedio, en el caso de así asistirle el derecho, toda vez que **dichas controversias están *sub judice* en otro pleito activo ante la primera instancia judicial**.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente. Por igual, en este caso, ninguno de los planteamientos presentados por el peticionario ha sido capaz de persuadir nuestra discreción apelativa para intervenir con la determinación interlocutoria impugnada. Advertimos, no solo el dictamen desestimatorio que hace tres años excluyó al señor García Rivera y a los entes corporativos del pleito de división de comunidad postganancial de los exesposos García-Rivera; sino también apuntalamos el hecho de la litigación activa de las mismas alegaciones en otro pleito: BY2021CV04406.[19] Contrario al de marras, en ese litigio de índole

---

[19] Refiérase a la nota al calce 12 de este dictamen.

corporativa **el señor García Rivera sí es parte**, así como la señora Rivera Dávila y las personas jurídicas concernientes.[20]

En fin, toda vez que el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra*; ni el peticionario demostró que la expedición del auto evitaría un fracaso de la justicia, conforme nuestra Regla 40, *supra*, procede denegar la expedición del recurso discrecional.

**IV.**

Por los fundamentos antes expuestos, procede denegar la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[20] Según surge de la *Minuta* de la vista celebrada el 25 de septiembre de 2023 en el caso BY2021CV04406 (entrada 83), las partes litigantes han comparecido debidamente representadas por sus respectivos abogados y el tribunal tiene conocimiento del presente caso GB2018CV00033.